|   |   |   |
|---|---|---|
| CENTER CAPITAL CORPORATION, | : : : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff, | : : | Hon. Joel A. Pisano Civil Action No. 09-2801 (JAP) |
| -vs- | : : |   |
| PURWIN, et al., | : : | REPORT AND RECOMMENDATION |
| Defendants. | : : |   |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon the Motion of Plaintiff Center Capital Corporation ("Plaintiff") seeking to reopen this case for the purpose of entering judgment against Defendants Alan D. Purwin, Alvin S. Trenk and Stephen L. Trenk ("Defendants") and for leave to amend the Complaint [Docket Entry No. 14]. The Court has fully reviewed and considered the papers submitted in support of Plaintiff's Motion, and considers Plaintiff's Motion without oral argument pursuant to FED.R.CIV.P. 78. The Court notes that Defendants have filed oppositions to this Motion. For the reasons set forth more fully below, the Court recommends that Plaintiff's Motion be DENIED.

**I. Background**

Plaintiff's claims in this case arise from Plaintiff seeking monetary damages resulting from Defendants' alleged breach of contract relating to the sale of two helicopters. The parties reported that they reached a settlement in this matter on November 9, 2009 when Plaintiff submitted a Notice of Voluntary Dismissal [Docket Entry No. 12]. The Court entered a Notice and Order of Dismissal on November 10, 2009 [Docket Entry No. 13]. The Order dismissed this action without prejudice, each party to bear its own costs, pursuant to the Settlement Agreement entered into by the parties in this matter. The parties did not submit a signed Settlement Agreement to the Court. Citing a breach of the

Settlement Agreement, Plaintiff filed the instant motion on November 1, 2010.

## II.  Analysis

**A. Motion to Reopen and Amend**

After a judgment dismissing a case is entered, a party may seek to reopen and amend the complaint only through Federal Rules of Civil Procedure 59(e) and 60(b). (*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007).  The Court notes that Plaintiff's motion papers state that Plaintiff's Motion relies on an attached affidavit and exhibits [Docket Entry No. 14].  Plaintiff's Motion, affidavit, and exhibits provide the underlying facts supporting Defendants' alleged breach of the Settlement Agreement, but do not provide a single legal conclusion or case citation to provide support for why this case should be reopened pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  As such, the Court has no basis to engage in an analysis of these rules to determine whether good cause exists here for reopening the case. Therefore, the Court recommends that Plaintiff's Motion to Reopen the Case and Amend the Complaint be DENIED.

**B.  Motion to Enforce Judgment**

"Enforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 379 (1994).  In *Kokkonen,* the Supreme Court held that when a federal district court dismisses an action pursuant to a settlement agreement, that court lacks jurisdiction to enforce that settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction. *Id*. at 381-382.  There are two ways in which a district court can make compliance with a settlement agreement part of a

2

dismissal order, thereby ensuring that it has subject matter jurisdiction to enforce a breach of that agreement:

> [t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id*. at 381. This Court's Dismissal Order states: "Plaintiff Center Capital Corporation, by and through the undersigned counsel, hereby dismisses this action without prejudice, each party to bear its own costs, pursuant to the Settlement Agreement entered into by the parties". [Docket Entry No. 13]. The Order contains no provision by which this Court retained jurisdiction over the settlement. The only other way that this Court could have retained subject matter jurisdiction over the settlement, pursuant to *Kokkonen,* is if the Dismissal Order incorporated the terms of the agreement. *Id.* This Court's Dismissal Order does refer, briefly, to the settlement between the parties, however this is insufficient to incorporate the terms of the settlement into the Order. In *Phar-Mor, Inc. Sec. Litig.*, the Third Circuit explained that "[t]he phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement Agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" 172 F.3d 270, 274 (3d Cir.1999) (quoting *Miener v. Mo. Dep't of Mental Health,* 62 F.3d 1126, 1128 (8th Cir.1995)). The Court therefore recommends that Plaintiff's Motion to Enter Judgment be DENIED.

## III. Conclusion

For the reasons set forth above, the Court recommends that Plaintiff's Motion to Reopen the Case for the Purposes of Entering Judgment and Amending the Complaint is DENIED.

3

IT IS therefore on this 11th day of April 2011,

RECOMMENDED that Plaintiff's Motion to Reopen the Case for the Purposes of Entering Judgment and Amending the Complaint be DENIED; and it is further

ORDERED that pursuant to L.Civ. R. 72.1(c)(2) and Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 14] accordingly.

    Respectfully submitted,

       s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**